# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LAWRENCE NISKEY,**

**Plaintiff,**

v.

**KEVIN K. McALEENAN,**

**Defendant.**[1]

Civil Action No. 18-3044 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss (ECF No. 9). For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

Lawrence Niskey, an African American male, is a former employee of the U.S. Department of Homeland Security ("DHS") whose prior lawsuit in this Court alleged "discrimination, retaliation, and failure to comply with agency regulations." *Niskey v. Johnson*, 69 F. Supp. 3d 270, 271 (D.D.C. 2014), *aff'd sub nom. Niskey v. Kelly*, 859 F.3d 1 (D.C. Cir. 2017). The decision of the D.C. Circuit recounts events from April 2002 through his removal in September 2007, including his suspension and the revocation of his security clearance, in some detail. *See Niskey*, 859 F.3d at 3–4. Relevant to this case are the events following Niskey's termination:

> [O]n October 12, 2007, Niskey appealed his termination to the Merit Systems Protection Board. However, Niskey's appeal documents and hearing testimony before the Board's administrative law judge ("ALJ") made no mention of racial discrimination or retaliation, focusing instead on alleged procedural errors in the security revocation and termination process. A Board ALJ affirmed

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes the Acting Secretary of Homeland Security as the proper defendant.

Niskey's termination, finding no material error in the procedures that led to his security clearance revocation or his removal.

Niskey filed *pro se* a petition for review of the ALJ's decision with the Board. In his petition for review, Niskey alleged that race discrimination played a part in his initial temporary suspension for being "absent without leave," which led to his security clearance suspension and, ultimately, to his termination. The Board affirmed the decision of the ALJ, ruling that Niskey did not present any new or previously unavailable evidence, and did not demonstrate that the ALJ committed any material legal error. The Board issued its final decision on July 9, 2008.

Over a year later, in November 2009, Niskey contacted the Equal Employment Opportunity Commission's Washington Field Office about his termination, and was advised to file a formal complaint with the Department of Homeland Security's Equal Employment Opportunity ("EEO") office. Niskey claims that he was told that his time limit for filing his complaint would be equitably tolled. In August 2010, Niskey contacted a counselor in the Department's EEO office, and in September 2010, Niskey filed a formal complaint with that office. The complaint alleged that race discrimination and retaliation stemming from the 2002 discriminatory leave policy led to the suspension of his security clearance and his eventual termination.

The Department's EEO office found that Niskey had failed to initiate contact with a Department EEO counselor within 45 days of the unlawful termination or other discriminatory act, as required by regulation. Niskey appealed to the Equal Employment Opportunity Commission, which affirmed the Department's decision.

*Id.* at 4–5.

This Court did not entertain Niskey's discrimination and retaliation claims directly, concluding that it could not do so because Niskey had not exhausted his administrative remedies prior to filing suit. *See Niskey*, 69 F. Supp. 3d at 273–75. The D.C. Circuit affirmed, *see Niskey*, 859 F.3d at 3, and the Supreme Court denied Niskey's petition for a writ of certiorari, *see Niskey v. Dule*, 138 S. Ct. 427 (2017).

Niskey's current complaint alleges very few facts. Based on the Court's review of its "Statement of Issues," Compl. at 3–4 (page numbers designated by plaintiff), and Niskey's

Response in Opposition to Motion to Dismiss (ECF No. 12, "Pl.'s Opp'n") at 8–10, Niskey appears to raise claims under the Administrative Procedure Act ("APA") and the due process clause of the Fifth Amendment to the United States Constitution. Niskey also raises, again, Title VII retaliation and discrimination claims coupled with the allegation that he suffered a "continuing violation" of his rights in the form of a "hostile work environment." Compl. at 4–5. But the events giving rise to all of these claims are the same events which Niskey sued upon previously: they pertain to race discrimination and retaliation he allegedly experienced at DHS, his suspension, revocation of his security clearance, termination, and denial of retirement and pension benefits. *See generally* Compl. at 7–10. Niskey demands an "award[] [of] back pay, attorney fees, lost benefits, front pay, compensatory and punitive damages and reinstatement to make [him] whole again." *Id*. at 18.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). A motion under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The Court must construe the complaint liberally and in Niskey's favor, *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and "grant plaintiff[] the benefit of all inferences that can be derived from the facts alleged," *id*.

Defendant moves to dismiss the complaint under Rule 12(b)(6) on the ground that Niskey's claims are barred by the doctrine of res judicata. *See* Def.'s Mem. at 5–6. A party may raise res judicata "in a pre-answer Rule 12(b)(6) motion when all relevant facts are shown by the court's

own records, of which the court takes notice." *McMillan v. Washington Metro. Area Transit Auth.*, No. 18-CV-2362, 2019 WL 3388559, at *3 (D.D.C. July 26, 2019) (citations omitted); *see Covad Commc'ns Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting the Court to take judicial notice of public records of other proceedings).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata "prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F. 2d 944, 946 (D.C. Cir. 1983).

### 1. Claim Preclusion

"Under the doctrine of . . . claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Parties are prevented from relitigating in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share a nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties'

expectations or business understanding or usage." *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997).

Defendant argues that Niskey's claims "are either functionally the same as his prior claims or are claims he could have lodged in his prior suit." Def.'s Mem. at 5. Niskey counters that the "issues in [this] complaint are not the same identical issues," Pl.'s Opp'n at 8, because here he relies on the APA and its provision for judicial review of agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* (quoting 5 U.S.C. § 706(a)(2)). Similarly, Niskey argues that the denial of "constitutional and procedural rights during the removal process," Pl.'s Opp'n at 10, has not been litigated to date and, he asserts, is not barred by res judicata. Neither argument is persuasive.

It is apparent that the substance of the current complaint and that of Niskey's prior civil action share a nucleus of facts – race discrimination, retaliation, challenges to his suspension and revocation of his security clearance, termination, and post-termination denial of pension and retirement benefits. With respect to the first prong of the analysis, then, it is apparent that this case and Niskey's prior civil action involve the same claims or causes of action. It is also apparent that the prior suit was between the same parties as here and that there was a final, valid judgment on the merits by a court of competent jurisdiction. *See Niskey*, 69 F. Supp. 3d at 275, *aff'd sub nom. Niskey*, 859 F.3d at 11.

"Claim preclusion bars a party from re-litigating a claim that was or should have been asserted in a prior action." *Hurd v. District of Columbia*, 864 F.3d 671, 697 (D.C. Cir. 2017); *see also Apotex, Inc. v. FDA*, 393 F.3d 210, 218 (D.C. Cir. 2004). Niskey had an opportunity to characterize his Title VII claim as a hostile work environment claim, or to raise an APA or constitutional claim, in the prior civil action. He cannot evade the consequences of claim

preclusion by conjuring up new theories and applying them to old facts that he has already litigated. *See Richardson v. Sauls*, 319 F. Supp. 3d 52, 62 (D.D.C. 2018) (holding that claim preclusion bars plaintiff from making constitutional claims that arise from the same fact pattern as his prior Title VII action).

### 2. Issue Preclusion

"The Supreme Court has defined issue preclusion to mean that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). An issue is precluded if:

> [t]he same issue . . . being raised [was] contested by the parties and submitted for judicial determination in the prior case, the issue [was] actually and necessarily determined by a court of competent jurisdiction in that prior case, [and] preclusion . . . [does] not work a basic unfairness to the party bound by the first determination.

*Martin v. DOJ*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha*, 961 F.2d at 254). "In determining whether issue preclusion exists, a court may take judicial notice of all relevant facts that are shown by the court's own records, as well as public records from other proceedings." *Budik v. Ashley*, 36 F. Supp. 3d 132, 142 (D.D.C. 2014). The issue preclusion analysis does not call for this Court's review of the merits of the prior determination. *See Consol. Edison Co. of N.Y. v. Bodman*, 449 F.3d 1254, 1257 (D.C. Cir. 2006).

Defendant argues that "[b]ecause the issue of plaintiff's removal and DHS's dismissal of his claim for failure to exhaust was determined by this Court, *Niskey*, 69 F. Supp. 3d at 273–75, issue preclusion bars the claims." Def.'s Mem. at 6. The Court agrees. Here, the issue of exhaustion of administrative remedies previously was contested by the parties and resolved by

courts of competition jurisdiction. *See Niskey*, 859 F.3d at 11 ("[T]he district court properly dismissed Niskey's complaint for failure to administratively exhaust his racial discrimination and retaliation claims."). It cannot be said that issue preclusion works an unfairness on Niskey, as he has had ample opportunity to litigate the issue previously.

Niskey argues that the doctrine of res judicata does not apply because his "claim and issues have not been fully litigated and judged on the merits," Pl.'s Opp'n at 6, and attempts to avoid the effects of res judicata by characterizing the dismissal of his prior civil action as one for lack of subject matter jurisdiction. *See* Pl.'s Opp'n at 5–6. If "dismissal was based on failure . . . to satisfy a precondition . . . to the Court's going forward to determine the merits of a substantive claim," *id*. at 6, it "was thus a dismissal for lack of jurisdiction within the meaning of Rule 41(b) of the Federal Rules of Civil Procedure," *id*., and "not an adjudication on the merits," *id*. at 5.

Niskey's argument fails for two reasons. First, Rule 41, which pertains to the involuntary dismissal of a civil action for failure to prosecute or comply with rules or a court order, does not apply here. Second, "a Rule 12(b)(6) dismissal for failure to state a claim—including for failure to exhaust administrative remedies—'is a resolution on the merits and is ordinarily prejudicial.'" *Deppner v. Spectrum Health Care Res., Inc.*, 325 F. Supp. 3d 176, 183 (D.D.C. 2018) (quoting *Okusami v. Psychiatric Inst. of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992)); *Slaughter v. Peters*, 597 F. Supp. 2d 103, 106 (D.D.C. 2009) ("[T]he failure to exhaust administrative remedies is not jurisdictional but instead pertains to whether the complaint fails to state a claim because the complaint and any legitimate attachment to it reveal that the claimant did not exhaust her administrative remedies." (footnote and citation omitted)).

B. Dismissal Under Rule 12(b)(1)

It is plaintiff's burden to establish a basis for the Court's jurisdiction over his claim. *See Zaidi v. U.S. Sentencing Comm'n*, 115 F. Supp. 3d 80, 83 (D.D.C. 2015) (citing *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Defendant moves to dismiss Niskey's due process claim under Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over it. *See* Def.'s Mem. at 6–7. Defendant makes a facial challenge to subject matter jurisdiction "attack[ing] 'the factual allegations of the complaint' that are contained on 'the face of the complaint[.]'" *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (quoting *Loughlin v. United States*, 230 F. Supp. 2d 26, 35–36 (D.D.C. 2002)). On such a motion, the Court presumes that the factual allegations of Niskey's complaint are true and construes them in his favor. *See*, *e.g.*, *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).

Defendant argues that the Civil Service Reform Act and Title VII of the Civil Rights Act "provide the exclusive remedy for claims related to removal and alleged discrimination in federal employment, and those statutory regimes provide all the procedural process that is due." Def.'s Mem. at 7. The Court concurs. *See Graham v. Ashcroft*, 358 F.3d 931, 935 (D.C. Cir. 2004) (citing *United States v. Fausto*, 484 U.S. 439, 455 (1988)) (holding CRSA provides the exclusive avenue for federal employee to challenge adverse personnel actions); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 824–29 (1976) (holding that Title VII provides exclusive avenue for federal employee to assert employment discrimination claims that would in fact be covered by that statute). And because Niskey failed to respond to this argument, the Court treats the argument as conceded. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files

an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

III. CONCLUSION

The Court concludes that the doctrine of res judicata bars plaintiff's claims and that the Court lacks subject matter jurisdiction over plaintiff's due process claim. Accordingly, defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

DATE: October 28, 2019